# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MALINDA M. REESE | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 1:07-CV-98-PPS |
| KARL SCHMIDT UNISIA, INC., d/b/a ZOLLNER PISTON, a/k/a ZOLLNER, INC., | ) |
| Defendant. | ) |

## OPINION AND ORDER

Defendant Karl Schmidt Unisia, Inc. was granted summary judgment on the federal claims brought in this case and the state law claims were dismissed without prejudice. Karl Schmidt now seeks the taxation of costs in the amount of $1,476.44. [DE 43]. Specifically, it seeks reimbursement for costs associated with depositions ($1,106.44); the removal of the lawsuit to federal court ($350.00); and the acquisition of employment records ($20.00). Plaintiff Reese objects to the taxation of costs; she believes that each party should bear their own costs since the state law breach of contract claim was dismissed without prejudice. Karl Schmidt's request for cost is GRANTED.

Federal Rule of Civil Procedure 54(d)(1) governs the award of costs. Costs other than attorneys' fees are allowed as a matter of course to the prevailing party unless the Court directs otherwise. Fed. R. Civ. P. 54(d)(1). While the district court has wide discretion in awarding costs, Rule 54(d)(1) creates a "presumption in favor of a cost award" as long as the costs are statutorily authorized. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000); *see also Beamon v. Marshall & Isley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (holding that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate."). "The 'prevailing party' is the party who prevails as to the substantial part of the

litigation." *Testa v. Village of Mundelein, Ill*., 89 F.3d 443, 447 (7th Cir. 1996).

A very similar argument to Reese's was rejected in *Ogborn v. United Food and Commercial Workers Union, Local No. 881*, 305 F.3d 763, 770 (7th Cir. 2002), after a district court dismissed a plaintiff's federal ADA and FMLA claims but declined jurisdiction over his wrongful-termination state law claims. The Seventh Circuit held that the district court's disposition of the case made the defendant the prevailing party for purposes of Rule 54(d), and so affirmed the award of full costs to the defendant. *Id*. In Reese's case, the Title VII claims made up more than a substantial portion of her litigation, if not most of it. Karl Schmidt successfully obtained summary judgment on those federal claims, and so under *Ogborn*, it must be treated as the prevailing party. *See accord*, *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995); *Tirapelli v. Advanced Equities, Inc*., 222 F.Supp.2d 1081, 1083-84 (N.D.Ill. 2002).

Rule 54(d) allows a party to recover only those costs listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Winniczek v. Nagelberg*, 400 F.3d 503, 504 (7th Cir. 2005). These costs include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees . . . ;
>
> (6) Compensation of court appointed experts . . . .

28 U.S.C. § 1920. Before assessing costs, the court must determine (1) "that the expenses are allowable cost items," and (2) "that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

Karl Schmidt requests a total of $1,106.44 for costs associated with the transcription of three depositions in this case and has provided receipts for each deposition. (Mot. for Taxation, DE 43, at 6,

10, 12.) Deposition costs (including transcripts) are authorized under § 1920(2). *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998); *see also, Beamon*, 411 F.3d at 864 (allowable deposition costs include transcript fees, court reporter costs, and videotaping fees). The Court also finds that these costs are reasonable and necessary. Karl Schmidt utilized excerpts from several depositions in support of its successful summary judgment motion. There is no need for a painstaking review of the propriety of deposition costs because the uncertainty of victory on summary judgment creates a market constraint which prohibits parties from running up deposition costs. *See Anderson v. Griffin*, 397 F.3d 515, 522 (7th Cir. 2005). Therefore, the requested amount of $1,106.44 is appropriate.

Karl Schmidt also requests $350.00 in filing fees associated with the removal of the case to federal court. The fee is recoverable as a fee of the clerk under § 1920(1). *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998); *Robinson v. Alter Barge Line, Inc.*, 2007 WL 3145044, at *2 (S.D. Ill Oct. 25, 2007). This amount is reasonable and obviously necessary and so Karl Schmidt's request for this amount is granted as well.

Karl Schmidt also incurred $20.00 in obtaining copies of Reese's records for jobs taken after her employment with Karl Schmidt. This evidence would have been relevant to mitigation issues, and Reese does not object to their reasonableness or necessity on this basis. This cost is recoverable under § 1920(4).

For the foregoing reasons, Defendant's Bill of Costs [DE 43] is **GRANTED**. Defendant is awarded costs of $1,476.44.

    **SO ORDERED.**

    ENTERED: August 12, 2008

                                              s/Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                               UNITED STATES DISTRICT COURT